IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EVERETT BROPHY AND SHAYLA
CHRISTENSEN,

        Plaintiffs,

vs.                                                                 No. CIV 07-0751 JB/KBM

ERIC AMENT, DAVID FISK, AND
JOHN DOE, Individually, as members
of Lincoln County Auto Brokers, LLC.,
and as Ruidoso Police Officers, LINCOLN
COUNTY AUTOBROKERS, LLC.,
RAY MERRIT, and THE VILLAGE OF
RUIDOSO ex rel RUIDOSO POLICE DEPARTMENT
and CITY BANK, TEXAS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for Leave to File

Responses to Defendants' Motions to Dismiss, filed February 28, 2008 (Doc. 10)("Motion for

Leave").  The primary issue is whether the Court should allow the Plaintiffs to file responses to

Defendants Eric Ament, David Fisk, and Lincoln County Auto Brokers, LLC's two pending motions

to dismiss.  Because no party has filed a response in opposition to the Plaintiffs' motion, and because

the motion is otherwise appropriate, the Court will grant the Plaintiffs' motion.

## FACTUAL BACKGROUND

Defendants Ament, Fisk, and Doe are members of the Lincoln County Auto Brokers LLC

who own and manage the company.  See Transmittal of State Court Documents, Exhibit 2,

Complaint ¶ 4, at 1 (dated July 2, 2007) filed November 29, 2007 (Doc. 9)("Complaint").  During

all relevant times, Defendant Ruidoso Police Department employed Ament and Merrit as police

officers.  See id. ¶ 9, at 2.  On or about April 16, 2007, the Plaintiffs purchased a Honda Accord from Lincoln County Auto Brokers, LLC.  See id. ¶ 11, at 2.

The vehicle that the Plaintiffs purchased proved to be defective within a week of its purchase.  See id. ¶ 15, at 2.  Upon notice that the car needed repairs, the "sellers" refused to repair the vehicle until the entire down payment was paid in full.  Id. ¶ 16, at 2.  Ament threatened to arrest Plaintiff Everett Brophy for failing to pay.  See id. ¶ 17, at 2.

The parties came to an oral agreement that, if the Plaintiffs made a payment of $600.00, the car would be repaired.  See id. ¶ 18, at 3.  The Plaintiffs allege that Shayla Christensen drove the vehicle to Lincoln County Auto Brokers, LLC to make a partial payment and told the Defendants that Brophy would come by after work to pay the remaining balance.  See id. ¶ 19, at 3.  According to the Plaintiffs, the Defendants took Christensen into an office and refused to allow her to leave until they had the car down payment in full. See id. ¶ 20, at 3.

The Plaintiffs state that Christensen called 911, asked for an officer, and was told that one was already on the way.  See id. ¶ 21, at 3.  The Ruidoso Police Department sent Defendant Ray Merritt to the scene.  See id. ¶ 22, at 3.  The Plaintiffs contend  that Merrit and the other Defendants verbally abused Christensen.  See id. ¶ 24, at 3.

The Plaintiffs allege that Ament threatened to arrest Christensen if she did not move her personal property from the vehicle.  See id. ¶ 27, at 3.  Christensen complied.  See id. ¶ 29, at 4.  Brophy arrived, and he and Christensen were ushered off the property without their vehicle.  See id. ¶ 30, at 4.

Brophy and Christensen allege that they immediately went to the police department to report the incident but were told they were unable to file a report and were only able to file a civilian

complaint.  See id.  ¶¶ 32, 33, at 4.  At the time of these events, no written notice of default or repossession had been served on Brophy or Christensen.  See id.  ¶ 35, at 4.  On or about June 22, 2007, Brophy and Christensen saw their vehicle parked outside of a car repair shop in Ruidoso, New Mexico.  See id. ¶ 37, at 4.  According to the Plaintiffs, they stopped to take pictures of the vehicle to show that others were driving their vehicle.  See id. ¶ 38, at 4.  The Plaintiffs allege that, because the sun prevented photographing the vehicle identification number through the windshield, Brophy opened the door to take the photograph.  See id.  ¶ 39, at 4.  The Plaintiffs allege that Ament and Merrit immediately appeared and pulled Brophy's parents over in their vehicle.  See id.  ¶¶ 40, 41, at 5.  Ament accused Brophy's parents of attempting to steal the vehicle and demanded to know their association with the Plaintiffs.  See ¶ 40, at 5.  Ament threatened to have Brophy arrested for attempting to steal a vehicle.  See id. The Plaintiffs remain in debt to City Bank, Texas for the repossessed vehicle.  See id.  ¶ 42, at 5.

## PROCEDURAL BACKGROUND

On August 6, 2007, Ament, Merritt, and Defendant Village of Ruidoso ex rel Ruidoso Police Department removed the case to federal court.  See Notice of Removal, filed August 6, 2007 (Doc. 1)("Notice of Removal").  Their Notice of Removal was dated, on its face, August 6, 2007, and filed in the state court record of the Twelfth Judicial District Court, Cause No. CV 07-308 on August 7, 2007. See Transmittal of State Court Documents, Exhibit G, Notice of Filing (dated August 7, 2007), filed November 29, 2007 (Doc. 9); Notice of Removal at 1. According to the Plaintiffs, the state court docketing statement included a "Notice of Filing to Patricia Ortiz, Ament/Bankruptcy" that was filed on August 7, 2007.  See Notice of Filing, Motion for Leave ¶ 2, at 1.

The Plaintiffs represent that, because they thought that Ament had filed for bankruptcy, they

missed their deadline for responding to the motions to dismiss.  <u>See</u> Motion for Leave ¶ 3, at 1.  The Plaintiffs state that they believed that Ament's bankruptcy would have stayed proceedings in this case in federal court.  <u>See id.</u> ¶ 3, at 1-2. According to the Plaintiffs, the original entry on PACER also noted that the federal court had received and filed the state court file, including the notice of Ament's bankruptcy.  <u>See</u> Motion for Leave ¶ 6, at 2.  To date, however, Ament has not filed a petition in bankruptcy that the Plaintiffs can locate.  <u>See id.</u> ¶ 4, at 2.

According to the Plaintiffs, about a week before they filed their motion for leave to file responses, the state court clerk reviewed her entry on the state court docket, and noted that the document filed on August 7, 2007, was Ament, Fisk, and the Village of Ruidoso ex rel Ruidoso Police Department's Notice of Removal to federal court and that it was not a notice of Ament's bankruptcy.  <u>See id.</u> ¶ 5, at 2.  The Plaintiffs allege that the  entry on PACER noting that the federal court had received and filed the state court file along with the notice of Ament's bankruptcy has also been revised.  <u>See id.</u> ¶ 6, at 2.

The Court has not taken any action on the two pending motions to dismiss except to set a hearing on them for May 29, 2008.  <u>See</u> Notice, filed May 16, 2007 (Doc. 15).  The Plaintiffs ask the Court to allow them to file a response to Ament, Fisk, and Lincoln County Auto Brokers' Motion to Dismiss and to Refer Cause to Arbitration (Doc. 5), and a response to Ament, Fisk, and Lincoln County Auto Brokers' Motion to Dismiss (Doc. 7).  <u>See</u> Motion for Leave ¶ 9, at 2-3. The Plaintiffs represent that they contacted all opposing counsel about their concurrence to this motion, but had not received responses at the time they filed the motion.  <u>See id.</u> ¶ 9, at 2. To date, no Defendant has filed a response in opposition to Plaintiffs' Motion for Leave.

## ANALYSIS

"The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  "A response must be served and filed within fourteen (14) calendar days after service of the motion."  D.N.M.LR-Civ. 7.6(a).  Under the Local Rules for the District of New Mexico, the Court could deem the Plaintiffs' motion unopposed and the Defendants as consenting to the granting of the motion.

Nevertheless, the Court has also reviewed the Plaintiffs' motion on the merits.  To extend time for the Plaintiffs to file their responses to the motions to dismiss is within the Court's discretion.  The Defendants could not be more prejudiced by allowing the Plaintiffs to respond to the two motions to dismiss than has already occurred by the delay in hearing and ruling on the pending motions to dismiss.  Because it is best to have the Plaintiffs' input before deciding the motion to dismiss, and because such motions shall be decided, whenever possible, on the merits and not because of some procedural default, the Court will grant the Plaintiffs' request to file responses to the pending motions to dismiss.

**IT IS ORDERED** that the Plaintiffs' Motion for Leave to File Responses to Defendants' Motions to Dismiss is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Patricia S. Ortiz
Ruidoso, New Mexico

      -- and –

John R Beauvais
J. Robert Beauvais, P.A.
Ruidoso, New Mexico

    *Attorneys for Plaintiff Everett Brophy*

John R Beauvais
J. Robert Beauvais, P.A.
Ruidoso, New Mexico

    *Attorney for Plaintiff Shayla Christensen*

Richard E. Olsen
Hinkle, Hensley, Shanor & Martin, LLP
Roswell, New Mexico

      -- and --

Michael Danoff
Michael Danoff & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Eric Ament*

Michael Danoff
Michael Danoff & Associates, P.C.
Albuquerque, New Mexico

    *Attorney for Defendants David Fisk and Lincoln County Autobrokers, LLC*

Richard E. Olsen
Hinkle, Hensley, Shanor & Martin, LLP
Roswell, New Mexico

    *Attorney for Defendants The Village of Ruidoso ex rel Ruidoso Police Department and Ray Merrit*