IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EVERETT BROPHY AND
SHAYLA CHRISTENSEN,

      Plaintiffs,

vs.                                                                   No. CIV 07-0751 JB/KBM

ERIC AMENT, DAVID FISK, AND JOHN
DOE, Individually, as members of
Lincoln County Auto Brokers, LLC., and
as Ruidoso Police Officers, LINCOLN
COUNTY AUTOBROKERS, LLC.,
RAY MERRIT, and THE VILLAGE OF
RUIDOSO ex rel RUIDOSO POLICE
DEPARTMENT, and CITY BANK, TEXAS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Eric Ament's Motion for Summary Judgment, filed July 31, 2009 (Doc. 69). The Court held a hearing on November 2, 2009. The primary issue is whether, during the events on June 15, 2008 giving rise to this litigation, Defendant Eric Ament was acting solely in his capacity as a police officer of the Village of Ruidoso, New Mexico, or if he was, in whole or in part, acting as owner of Defendant Lincoln County Auto Brokers, LLC. Because the Court finds that there is a genuine issue of material fact regarding the capacity in which Ament was acting, the Court will deny Ament's motion for summary judgment.

## FACTUAL BACKGROUND

Lincoln County Auto Brokers is a New Mexico limited liability corporation which operates in Ruidoso. See Amended Complaint ¶ 16, at 3, filed July 18, 2008 (Doc. 30). Ament is a commissioned police officer of the Village of Ruidoso. See Amended Complaint ¶ 5, at 2. He is

also the owner of Lincoln County Auto Brokers, which sells automobiles, and is located across the street from the police department. See Amended Complaint ¶ 13, at 3; Deposition of Eric Ament at 21:2-7 (taken April 1, 2009), filed July 18, 2009 (Doc. 67-2 through Doc. 67-9)("Ament Depo."). Ament and his wife own the property where Lincoln County Auto Brokers is situated. See Ament Depo. at 15:24-16:2, at 2 (Doc. 67-2).

At all times material, Ament would stop by the Lincoln County Auto Brokers lot almost daily for a cup of coffee, regardless whether he was on duty as a Ruidoso police officer. See id. at 28:4-22, at 2 (Doc. 67-3). The Ruidoso Police Department placed no restrictions on Ament's outside-business activities. See id. at 29:4-16, at 2. Ament was allowed to carry and use a personal cellular telephone while acting as an on-duty Ruidoso police officer. See id. at 29:17-30:4, at 2. Ament is trying to involve himself in business at Lincoln County Auto Brokers more each day. See Ament Depo. at 43:19-20.

Ament used his personal cellular telephone during regular business hours on June 15, 2007 for communicating with Defendant David Fisk, a manager and employee of Ament's at Lincoln County Auto Brokers, and used a separate hand-held radio for communicating with police dispatch. See Ament Depo. at 30:9-16, at 2 (Doc. 67-3). It was Ament's practice to take telephone calls related to Lincoln County Auto Brokers while acting as an on-duty police officer if not busy or he would call back if he was not immediately available. See Ament Depo. at 31:1-13, at 1 (Doc. 67-4).

This litigation arises in the context of a retail-commercial-sales agreement executed between Brophy and Christensen as purchasers, and Lincoln County Auto Brokers as vendor/seller. On June 15, 2007, an incident at the Lincoln County Auto Broker's lot took place involving Christensen and the defendants in which Christensen and Brophy's vehicle was repossessed. Facts in more detail are set forth in the Court's earlier Memorandum Opinion and Order, filed November 20, 2009

(Doc. 98).

Ament personally made calls to Brophy and Christensen to encourage them to bring an outstanding bank note current before June 15, 2007. See Ament Depo. at 40:8-14. Brophy describes that Ament informed him that he would be taken to jail for not making payments on the vehicle. See Brophy Depo. at 64:6-8. Additionally, Fisk would call Ament any time there was an issue that came up at the business which needed his attention. See Ament Depo. at 31:1-6. When the problem arose regarding Brophy and Christensen's vehicle on June 15, 2007, Ament received a telephone call from Fisk, an employee of Ament's, on Ament's private cellular telephone. See Ament Depo. at 47:5-11, at 1 (Doc. 67-6); id. at 54:7-11, at 2; Fisk Depo. at 68:2-14, at 1 (Doc. 67-15). Brophy and Christensen contend that, during the telephone call that Ament received on his personal cellular telephone on June 15, 2007, he knew Christensen was at the Lincoln County Auto Broker's lot to make a payment on the in-house note when things started escalating. Ament used his hand-held radio to call for dispatch of a Ruidoso Police Department Officer to the Lincoln County Auto Brokers lot on June 15, 2007. See Ament Depo. at 54:20-55:1, at 2 (Doc. 67-6); Christensen Depo. at 62:21-25, at 1 (Doc. 67-12). Ament also traveled to the lot while in uniform, on a marked Ruidoso Police Department motorcycle and displaying a weapon. See Ament Depo. at 55: 25-56:7, at 1 (Doc. 67-7); id. at 65:16-66:19, at 1 (Doc. 67-8); Christensen Depo. at 63:12-24, at 2; id. at 64: 6-16, at 2. He responded to the problem on the lot without the Village of Ruidoso police department dispatching him. See Ament Depo. at 47:12-14, at 1 (Doc. 67-6); Christensen Depo. at 59:15-25, at 2; id. at 60:1-5, at 2; id. at 62:21-25, at 2.

When he arrived at Lincoln County Auto Brokers on June 15, 2007, Ament knew the employees of Lincoln County Auto Brokers had blocked off the entrance to the Lincoln County Auto Brokers lot by using an automobile in the dealership's inventory. See Ament Depo. at 64:10-

65:8, at 1 (Doc. 67-8). Ament classified the events of June 15, 2007 as a repossession. See Ament Depo. at 69: 6-15, at 2; Fisk Depo. at 62: 7-20, at 3. Ament admits Brophy and Christensen's vehicle was not peacefully repossessed. See Ament Depo. at 49:19-20, at 1 (Doc. 67-6)(Ament explains that his understanding of a peaceful repossession is that "when things start getting out of control, the car goes with -- everything ceases, the car moves on with whoever the owner or whoever the car's -- registered owner of the car is." See id. at 49:9-12. He admits that is not what happened on June 15, 2007. See id. at 49:19-20.); Fisk Depo. at 62:7-20, at 3. Ament never advised Christensen whether he was acting as manager or as an officer when he was at the lot on June 15, 2007. See Ament Depo. at 57: 1-4, at 1 (Doc. 67-7). Christensen told Ament that she did not want to deal with him because he owned Lincoln County Auto Brokers, and Ament responded that he understood and that Officer Merrit would be there soon. See Ament Depo. at 66:15-19; id. at 58:20-22 ("When I arrived on scene, I explained to Miss Christensen, due to the relation I'm here simply to make sure that everybody is okay.").

## PROCEDURAL HISTORY

The Court has effectively bifurcated the proceedings in this matter because of an arbitration provision in the retail-purchase agreement. The arbitration proceeding will decide the civil-rights claim against Lincoln County Auto Brokers, because Lincoln County Auto Brokers is a party to the arbitration agreement. Defendants Village of Ruidoso, Merrit and Ament, as Ruidoso Police Department Officers, in their official capacities, resolved the claims against them by settlement of those claims. According to the Pretrial Order, submitted to the Court on November 5, 2009, the remaining claims upon which Brophy and Christensen seek relief are "damages for constitutional violation and compensatory damages pursuant to 42 U.S.C. § 1983 and § 1985; attorneys fees and

costs." Pretrial Order (Doc. 94).[1]

---

[1] Brophy and Christensen also stated in their Memorandum Brief in Support of Motion for Partial Summary Judgment that: "Remaining before the court are the civil rights and conspiracy claims against Eric Ament and David Fisk, individually." Memo. at 2, filed July 18, 2009 (Doc. 67). J. Robert Beauvais, Brophy and Christensen's attorney, however, stated in a hearing before the Court on November 6, 2009, that state claims still remain:

> BEAUVAIS: It struck me, and there are also are some pending state claims that weren't discussed at all and hinged in large measure on the state action question. It seems to me we could do one of two things.
>
> THE COURT: I thought there were only -- I thought the briefing said that there was only the 1983 claim and the conspiracy claim left in this case. Am I wrong?
>
> MR. BEAUVAIS: In my opinion, Your Honor, there's still -- there still are state tort claims against Mr. Ament, that there's -- there's the wrongful repossession claim against Ament in his individual capacity that I believe still remain.
>
> THE COURT: All right. If you go back and look at your briefing, though, you told me there were two claims left. Now that may not be true but you told me that we were down to just two issues in this case.
>
> MR. BEAUVAIS: I don't believe that I did, Your Honor. Mine was specifically styled as partial, and I may have, and if I did, I misspoke, but I did believe that there -- or I do believe that there are pendent claims that in large measure hinged on this state action question as far as the federal claims but I think that the pendent state claims because you only -- you only dismissed those against the LLC, that those could still be argued against particularly the wrongful repossession is the one I'm concerned about against Ament because we're certainly alleging intentional conduct.
>
> \* \* \* \*
>
> MR. DANOFF: Also I had a query I was like [Your Honor,] I read the pretrial order and I thought that the only issues before the Court was the 1983 action, 1985 action, and that was identified in the issues sought in this action. So I'm going to need to get that clarified, too, as well, Your Honor.

Transcript of Pretrial Conference Hearing at 26:11-27:10 (taken November 6, 2009)(Beauvais, Court); id. at 34:21-25 (Danoff)("Tr."). Given that the Pretrial Order was filed with the Court the day before Mr. Beauvais made these statements, that document controls. The Tenth Circuit has stated that, "[w]hen an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings," because "the pretrial order is the controlling document for trial." Expertise Inc. v. Aetna Fin. Co., 810 F.2d 968, 973 (10th Cir. 1987); Fed. R. Civ. P. 16(e). The Tenth Circuit has

The Court previously granted in part and denied in part the Plaintiffs' motion for summary judgment, granting summary judgment on Brophy and Christensen's claim of unlawful seizure of person and property by Ament and Fisk and denying summary judgment on their due-process claim. See Memorandum Opinion and Order at 38. The Court found that Ament and Fisk, as individuals, engaged in state action, making them liable for constitutional violations pursuant to 42 U.S.C. § 1983. The Court's order made Ament's liability contingent on a factual finding by a jury as to the capacity in which Ament acted on June 15, 2007.

Ament now moves the Court for summary judgment seeking dismissal of all remaining claims asserted against him in the Amended Complaint. Ament also filed a memorandum brief of points and authorities. See Memorandum of Law in Support of Defendant Eric Ament's Motion for Summary Judgment, filed July 31, 2009 (Doc. 70)("Memo.").

Ament contends that the Village of Ruidoso Police Department compensated Brophy and Christensen for his actions and, as a result, no further claims can be made against him. See Memo. at 3. Ament contends that his actions on June 15, 2007 were solely within the scope of his law

---

held that "claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint and, conversely, the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim." Wilson v. Muckala, 303 F.3d 1207, 1215 (10th Cir. 2002). The pretrial order the parties filed in this case, therefore, supercedes all prior pleadings, including the Complaint. See id. (citing C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 1522 (2d ed. 1990)). The remaining claims before the Court, therefore, are as stated in the pretrial order: "damages for constitutional violation and compensatory damages pursuant to 42 U.S.C. §1983 & 1985; attorneys fees and costs." Pretrial Order at 3. If Mr. Beauvais believes that the Pretrial Order misrepresents the remaining claims before the Court, he will need to file a motion to amend the pretrial order. See Fed. R. Civ. P. 16(e)("The Court may modify an order issued after a final pretrial conference only to prevent manifest injustice."). "[T]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." Bylin v. Billings, 568 F.3d 1224, 1231-32 (10th Cir. 2009)(citing United States v. Dang, 488 F.3d 1135, 1143 (9th Cir. 2007)).

enforcement duties and not as owner of Lincoln County Auto Brokers, and that he was called to the lot in his capacity as a police officer. See Memo. at 4, 5.[2] Brophy and Christensen respond that Fisk called Ament's personal cellular telephone and responded in his personal capacity as owner of Lincoln County Auto Brokers. See Plaintiffs' Memorandum Brief in Support of Response to Eric Ament's Motion for Summary Judgment at 7, filed August 21, 2009 (Doc. 78)("Pl. Response"). Moreover, Brophy and Christensen argue that the settlement only covers Ament in his official capacity as a police officer with the Village of Ruidoso police. See Pl. Response at 7; Settlement Agreement and Release at 1 (executed Jan. 20, 2009), filed July 31, 2009 (Doc. 70-2)("This Settlement Agreement and Release . . . is entered into [by] . . . Eric Ament (in his capacity as a police officer of the Village of Ruidoso) . . .").

Both parties agree that the settlement agreement discharged Ament from liability in his capacity as a police officer of the Village of Ruidoso. See Defendant's Reply to Plaintiffs' Response to Defendant Eric Ament's Motion for Summary Judgment at 4, filed September 8, 2009 (Doc. 82); Pl. Response at 7.

### THE STANDARD AND LAW FOR DECIDING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

[2] In the alternative, Ament argues that, as a member of a limited liability company, he should not be held individually liable. See Memo. at 7. Ament and Fisk have filed a separate summary judgment motion setting forth this argument in greater depth. See Defendants Eric Ament and David Fisk's Motion for Summary Judgment, filed July 31, 2009 (Doc. 71). The Court will not, therefore, address that argument in this Memorandum Opinion and Order, but rather will issue a separate opinion. This opinion is limited to Ament's argument that he acted solely in his scope as a police officer.

Fed. R. Civ. P. 56(c).  The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case."  Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)(internal quotation marks omitted).  Once the movant meets his or her burden, the burden shifts to the non-moving party to set forth specific facts showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986).

When considering a motion for summary judgment, the court must consider all of the evidence in the light most favorable to the non-moving party.  See Jones v. Unisys Corp., 54 F.3d 624, 628 (10th Cir. 1995).  Rule 56 provides that "an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  The existence of a mere scintilla of evidence will not avoid summary judgment.  See Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993).  There must be sufficient evidence on which the fact-finder could reasonably find for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

Ament contends that there is no evidence that he acted in any capacity outside the scope of his duties as a police officer with the Village of Ruidoso.  Brophy and Christensen contend that there is sufficient evidence that would allow a reasonable fact-finder to find that Ament was acting, at least in part, in his capacity as owner of Lincoln County Auto Brokers.  Viewing the evidence in the light most favorable to Brophy and Christensen, as the non-moving parties, the Court finds that there is sufficient evidence to support a finding that Ament was acting in an individual capacity divorced

from his role as a police officer.  First, Ament was not dispatched to the Lincoln County Auto Brokers lot by the police department.  See Ament Depo. at 47:12-14, at 1.  Second, his employee, the manager of the business he owns, David Fisk, personally called Ament on his private cellular telephone.  See Ament Depo. at 29:17-30:4, at 2.  Third, Ament called the police and asked dispatch to send an officer to his business.  And finally, Ament admits that he told Christensen that "due to the relation" that he has as owner of Lincoln County Auto Brokers, he was just there to make sure "everybody was okay."  Ament Depo. at 58:20-22 .  A reasonable fact-finder could determine that such actions do not indicate that Ament arrived at Lincoln County Auto Brokers in his official capacity as an officer, but rather in his capacity as owner of his business, where there was currently a dispute to which he was alerted to by his employee.  Additionally, a reasonable jury could find that Merrit was the officer on the scene and that Ament was letting Merrit handle the police work.

Moreover,  Ament routinely stopped by the lot, even when on duty, for a cup of coffee.  See Ament Depo. at 28:4-22, at 2.  A reasonable fact-finder could infer that such visits were not intended to fall within the scope of Ament's responsibilities as a police officer, but rather within the scope of his duties as the owner of Lincoln County Auto Brokers.

The settlement agreement which Ament argues releases him from individual liability is not broad enough in scope to cover actions a reasonable fact-finder may find were committed within the scope of his role as owner of Lincoln County Auto Brokers.  The settlement agreement explicitly states:

> This Settlement Agreement and Release ("Settlement Agreement") is entered into this 20th day of January, 2009 by and among Everett Brophy and Shayla Christensen, and on behalf of all of their respective heirs, attorneys, agents, successors, assigns, executors, administrators, personal representatives, and any and all persons or parties subrogated to their rights, and any persons or parties having any rights of representation through them, all of whom are hereinafter referred to collectively as ("Releasors"), and Ray Merrit, Eric Ament (in his capacity as a police

<u>officer of the Village of Ruidoso)</u> and the Village of Ruisdoso, their affiliates, predecessors, successors, assigns, agents, employees, corporate officers, directors, council members, insurers, heirs, executors and administrators, all of whom are hereinafter referred to collectively as ("Releasees").

Settlement Agreement and Release at 1 (executed January 20, 2009), filed July 31, 2009 (Doc. 70-2) (emphasis added). The settlement agreement indicates that it extends only to Ament's actions in his capacity as a police officer and not to his actions as an individual business owner. The Court finds that summary judgment is inappropriate, as there is a genuine issue of material fact whether Ament was acting on June 15, 2007 solely in his capacity as officer or acting, at least in part, in his capacity as owner of Lincoln County Auto Brokers. The Court, therefore, will deny the motion for partial summary judgment.

**IT IS ORDERED** that Defendant Eric Ament's Motion for Summary Judgment is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John R. Beauvais
J. Robert Beauvais, P.A.
Ruidoso, New Mexico

    *Attorneys for Plaintiffs*

Michael Danoff
Michael Danoff & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants David Fisk and Lincoln County Auto Brokers, LLC*

Richard E. Olsen
Hinkle, Hensley, Shanor & Martin, LLP
Roswell, New Mexico

> *Attorneys for Defendants The Village of Ruidoso ex rel Ruidoso Police Department and Ray Merrit*

Richard E. Olsen
Hinkle, Hensley, Shanor & Martin, LLP
Roswell, New Mexico

-- and --

Michael Danoff
Michael Danoff & Associates, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendant Eric Ament*